## ξ Sidle *against* Walters.

In an action of ejectment, evidence offered by the defendant as rebutting, should not be rejected on the ground that it introduced a new subject-matter of defence, if the introduction of such evidence was rendered necessary by the course which the plaintiff had previously taken.

Unseated land, the property of minors, sold for taxes, is subject to be redeemed at any time within two years after they respectively come of age.

*Semble,* If one merely declares publicly that he purchases land for another, without any previous agreement, or without any advance of money for the purpose, it is not such a transaction as will raise a trust which can be enforced in equity.

ERROR to *Venango* county.

This was an action of ejectment by Philip Walters and his wife, against John Sidle, for a tract of land. All the material facts of the case and the points that arose are distinctly stated in the opinion of the Court.

*Galbreath,* for plaintiff in error, as to the right of the plaintiff to redeem, cited the act of 1815, sec. 4, *Purd. Dig.* 865. That Witherup was a competent witness, Cutbush *v.* Gilbert, 4 *Serg. & Rawle* 551. On the point that Witherup was not trustee as the court charged the jury, he cited Kesler *v.* Kesler, 2 *Watts* 323; German *v.* Gabbald, 3 *Binn.* 302; Peebles *v.* Reading, 8 *Serg. & Rawle* 484; Wallace *v.* Duffield, 2 *Serg. & Rawle* 521.

*Pearson* for defendant in error, on the subject of the alleged trust cited Brown *v.* Dysinger, 1 *Rawle* 408; Peebles *v.* Reading, 8 *Serg. & Rawle* 484.

The opinion of the Court was delivered by

ROGERS, J. The plaintiff proved an actual settlement on four hundred acres of land, and a warrant and survey of four hundred acres in the year 1806, to S. Graham, and then offered a deed from said Graham to Francis Tracy, dated the 27th of August 1813, reciting a patent, which was excepted to and admitted. The objection to this evidence has been but slightly pressed. It was most clearly evidence. The plaintiffs having proved that they were the heirs of Tracy, rested. The defendant then gave the assessments of 1806—7, and a treasurer's deed, to John Witherup, dated the 24th of November 1828, and rested. The defendant then offered evidence of the reported declarations of John Witherup to different persons, and at different times, that he purchased at the Treasurer's sale, for the heirs of Tracy, and consequently he was then trustee. The defendant then offered to prove, that before the declaration of Witherup,

he had divested himself of his interest, by an assignment to the defendant. The evidence, if received, would have been very material to the defendant, because any declaration made by Witherup, after his interest ceased, would not affect his grantee. But the court overruled the testimony, because the defendant had in the first instance risked his defence on the title of Witherup, and that it was not competent in rebutting, to change the course by showing title now in the defendant. It must be remarked in answer to the view of the court, that the defendant's opening was amply sufficient for his purpose. It was a complete bar to the plaintiffs' recovery, as it showed an outstanding title in another. The subsequent evidence became necessary, in consequence of the plaintiffs themselves having changed the ground. They relied in the first instance on the original title, as the heirs of Tracy, but afterwards they seek to recover the land as the *cestui que trust* of Witherup, the purchaser, at the treasurer's sale. It seems to me that the evidence was strictly rebutting. The defendants had a right to rely on so much of their case as was a bar to the plaintiffs' claim, and to reserve the other testimony to meet the new attitude which the plaintiff's case was made to assume. Why this unusual course was pursued it is not necessary to inquire. It is sufficient, that there was error in rejecting the testimony.

The defendant further objects to the treasurer's receipt for the redemption money. This raises the question, whether the heirs, some of whom were minors, have two years after they come of age, to redeem. If we take the words of the 4th section of the act of the 13th of March 1815, minors, as well as adults, would have but two years after the sale of the land, to redeem; but inasmuch as by the proviso of the section, orphans are allowed two years after their disability is removed, to bring suit for the recovery of the land sold, and that they are allowed the same time to tender the amount of the taxes, for which the land was sold, and the costs, and the additional sum of twenty-five per cent. Upon the payment of this, with the value of the improvements made on the land after the sale, which may be assessed by the jury, they are entitled to recover.

The proviso is made for the benefit of minors, and we should strip it of all its advantages, unless we give the act this construction. The possession of the land and the profits which may be made, will be a sufficient compensation, in all cases where the purchaser has thought proper to improve, for any interest on the purchase-money, which may exceed the twenty-five per cent. It may be necessary to remark, as the point was made, that the payment enures only to the benefit of those who were minors, and not the other heirs of Tracy.

The defendant also objects to the answer of the court to his third, fourth, and fifth points. On the second trial of the cause, it is more than probable, that the same facts will not be presented, particularly if, as alleged, the declaration of trust were made after the conveyance of the premises, by Witherup, to Sidle. I do not think it, therefore,

[Sidle v. Walters.]

expedient to examine critically the charge of the court. If, however, the court intended to charge, of which there is some doubt, that, when a man declares publicly, merely that he purchased for another, without any previous agreement, or without any advance of money, this is such a transaction as raises a trust, which can be enforced in equity; I must say, it is in opposition to the principles established in Thissler *v.* Thissler, 2 *Watts* 323; and would amount to a repeal, so far as such sales are concerned, of the statute of frauds and perjuries. It would open the door to the very mischief, which the statutes were intended to guard against. Whether a subsequent payment of part of the purchase-money will vary the law, I shall not at this time express any opinion. I would merely remark, that in Thissler *v.* Thissler, a distinction is clearly taken, between a subsequent contract and a trust.

Judgment reversed, and a *venire de novo* awarded.