## Asay *versus* Hay.

1. Where the defence had closed, and the plaintiff called a witness to prove the admission of the indebtedness by defendant it was error to refuse permission to defendant to explain such admission.

2. Had it been competent for the defendant to prove in chief, what he offered in rebuttal, the court might have properly refused a re-examination of the witness, but as to matters that require explanation or where new matter is introduced by the opposing interest, a party has a right in rebuttal to re-examine his witness.

February 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of July Term 1878, No. 16.

Assumpsit by Alexander Hay against A. Merritt Asay, on a promissory note, drawn by defendant to the order of A. M. Stout, and by the latter endorsed to plaintiff.

At the trial, before Elcock, J., the plaintiff gave the note in evidence, and proved the consideration for the endorsement by Stout and rested. The endorsement was proved by Dr. Thomas Hay. The defendant testified that the note in suit was one of a series of notes which he had given for the joint accommodation of plaintiff and Stout; that about August 5th 1876, defendant had given an accommodation note of the same amount as the one in suit, to the order of plaintiff; that shortly thereafter Stout came to defendant with said note, saying that Hay had said that if Stout would get a note from defendant, drawn to Stout's order, plaintiff would endorse it, and that Stout and he would endeavor to get it discounted in a bank, in which Hay was director; that defendant then gave the note in suit; that defendant was not indebted to plaintiff, and that Stout was indebted to defendant. In rebuttal Dr. Thomas Hay testified that defendant had admitted his liability on the note in suit after its maturity. Thereupon the defendant was recalled and offered to explain and contradict this alleged admission, but the court rejected the offer.

The following point was submitted by defendant: " If the jury believe that the note sued on is a renewal of a former note that was made by defendant Asay, to plaintiff's order, for Stout's accommodation, and without advantage to Asay, then the plaintiff cannot recover in this case." The court affirmed the point, with the qualification that if the plaintiff paid value for the note sued on, he could recover.

Verdict for plaintiff, and after judgment defendant took this writ and assigned for error the rejection of the foregoing offer of evidence and the answer to the above point.

*E. K. Nichols,* for plaintiff in error.—The defendant should have

[Asay *v.* Hay.]

been permitted to explain his alleged admission of liability. This admission was new matter, and without explanation was hurtful to the defence.

*Charles F. Ziegler* and *W. A. Manderson*, for defendant in error.—The first time Dr. Hay was on the stand was to prove the endorsement of Stout, and for that alone. He was called the second time to prove the admission of defendant in rebuttal of the statement that he did not owe the plaintiff anything.

Mr. Justice TRUNKEY delivered the opinion of the court, February 17th 1879.

The rulings of the learned judge, with a single exception set forth in the third assignment, are so clearly right as to need no vindication.

After the defence closed, the plaintiff called Dr. Thomas Hay, who testified to the defendant's admissions of indebtedness on the note in suit. That this testimony was pertinent and material is conceded. The defendant offered to rebut it by his own testimony, which was denied. We have examined the bill of exceptions, and fail to find anything to justify overruling the offer. At an earlier stage in the trial, it certainly was not competent for the defendant to prove that he had not made those admissions to Dr. Hay, even if he could have anticipated what was to come; and the plaintiff, in cross-examining him, did not inquire concerning them. The matter proved by Dr. Hay was not only new when presented, but could not, in the first instance, have been adduced or drawn out by the defendant. Hence, to refuse the rebutting evidence was to allow the damaging proof of the defendant's admissions of indebtedness to the plaintiff to go to the jury without contradiction or explanation. Had it been competent for the defendant to prove, in chief, what he offered in rebuttal, the court might have refused a re-examination of the witness. As to matters that require explanation, or as to new matter introduced by the opposing interest, a party has a right, in rebuttal, to re-examine his witnesses : Whart. Ev., § 572.

Judgment reversed, and *venire facias de novo* awarded.