## Kunzman v. Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Evidence—Rebuttal.*

In an action against a street railway company to recover damages for personal injuries, where several witnesses for the defendant, after testifying that they saw the plaintiff run towards a car and attempt to get on when it was in motion, are confronted with another person in court, and they assert he was not the man, such person may be called in rebuttal to testify that he remembered the accident, and that it was he who had run towards the car while it was in motion.

Argued Nov. 2, 1910. Appeal, No. 134, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny County, First T., 1908, No. 106, on verdict for plaintiff in case of John P. Kunzman v. Pittsburg Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,350 and judgment thereon. Defendant appealed.

*Error assigned* among others was the admission of the testimony of H. J. Williamson in rebuttal.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*L. K. Porter,* with him *S. G. Porter,* for appellee.

PER CURIAM, January 3, 1911:

This appeal is barren of merit, for the single question raised by it is entirely free from difficulty. The appellee testified that, as he was about to board a car of the defendant company after it had stopped at a street crossing, having his right foot on the running board and holding the handle bar with one hand, it was started with a sudden jerk and he was thrown off. Two witnesses who knew him and saw the accident—one of them being on the car at the time—corroborated his statement as to how it occurred. The defense was that he was injured in an attempt to get on the car while it was in motion. Several witnesses called by the defendant testified that they saw him running to catch it as it was moving and that as he grabbed it he was thrown to the ground and his foot crushed by the wheels. The conductor and motorman were among these witnesses, and they testified that only one man had run towards the car while it was in motion, and that he was the appellee. The question of the identity of the man who ran towards the car while it was moving was thus raised, and if, as a matter of fact, it was another man who ran towards and got upon it when the appellee was injured, it was clearly his right to show this in rebuttal. H. J. Williamson was in court during the trial. He was pointed out to the witnesses who testified that they had seen the man running to the car, and, when asked whether he was that man, they replied that he was not. He was then called in rebuttal and testified that he remembered the accident and that it was he who had run towards the car while it was in motion and boarded it at the time the appellee was injured. This testimony was strictly rebuttal, and, even if not, it is to be remembered that the rule as to rebutting evidence is liberally expounded in subserving justice: Graham v. Lane, 3 Brewst. 92.

The single assignment of error, complaining of the admission of Williamson's testimony, is overruled, and the judgment is affirmed.