# Krenn, Appellant, v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.

*Negligence—Railroads—Grade crossing—Pedestrian — Deafness —Degree of care—Death—Presumption of care—Rebuttal of presumption—Contributory negligence — Evidence — Rebuttal — Absence of lights on engine—Engine visible—Harmless error—Directed verdict for defendant.*

1. Where a pedestrian is deaf a higher degree of care is imposed upon him at a railroad grade crossing.

2. When a pedestrian walks in front of a moving train, in spite of the information afforded by his eyes and ears and is immediately struck, he is guilty of contributory negligence.

3. It is a traveler's duty to keep a lookout while crossing railroad tracks as well as to stop before attempting to cross.

4. In an action against a railroad company to recover damages for death of plaintiff's husband, occasioned by his being struck by a locomotive at a grade crossing, a verdict was properly directed for defendant where it appeared that at the crossing in question there was a single track line with a switch on the near side; that plaintiff stopped, apparently to look and listen just before crossing the switch track, that no bell or whistle was sounded but that the evening was clear and deceased could have seen the engine in time had he looked; and that deceased was struck immediately after stepping upon the track.

5. In such case, where defendant's evidence was that the headlight and other lights on the engine were burning, the court improperly excluded evidence in rebuttal to show that there was no headlight on the engine, on the ground that such evidence should have been presented as part of plaintiff's case in chief; but where it appeared that the engine was clearly visible as it approached the crossing, such evidence could not have changed the result and its rejection was harmless.

Argued Oct. 12, 1917.   Appeal, No. 135, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 1527, on directed verdict in case of Mary Krenn v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, a Corporation.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

. . . .

Trespass for personal injuries. Before MACFARLANE, J.

The facts appear by the opinion of the Supreme Court.

The trial judge directed a verdict for defendant upon which judgment was entered. Plaintiff appealed.

*Error assigned,* among others, was in directing verdict for defendant.

· *George P. Henning,* for appellant.—The case was for the jury: Pennsylvania R. R. Co. v. Garvey, 108 Pa. 369; Bard v. Philadelphia & Reading Ry. Co., 199 Pa. 94; Arnold v. Philadelphia & Reading R. R., 161 Pa. 1; Armstrong v. Pennsylvania R. R. Co., 212 Pa. 228; Toban v. Lehigh & Wilkes-Barre Coal Co., 24 Pa. Superior Ct. 475; Cromley v. Pennsylvania R. R. Co., 208 Pa. 445.

· *W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.—The doctrine that a person losing his life must be presumed to have exercised due care has no application where the evidence shows affirmatively all the circumstances of the accident. There can be no presumption as against facts which are proven: Bernstein v. P. R. R. Co., 252 Pa. 581.

Evidence that defendant's locomotive had passed over the crossing without lights should have been presented in plaintiff's case in chief, and not having been so presented was not admissible in rebuttal: Crane v. P. R. R. Co., 218 Pa. 560; Stetson v. Croskey, 52 Pa. 230; Acklin v. McCalmont Oil Co., 201 Pa. 257.

Plaintiff having been struck contemporaneously with · placing his foot on the rail, he was guilty of contributory negligence as a matter of law.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:
· This is an action of negligence for injuries sustained at a public grade crossing. The street in question

crosses the railway a short distance east of Traveskyn station in Allegheny County. There the railway extends in an easterly and westerly direction and consists of a single main track, on the south side of which is a switch. The track is straight for several hundred feet east and then bends to the north. One, at or anywhere within forty feet south of the track, can see a train approaching from the east for nine hundred feet. On the evening of August 24, 1916, as John Krenn, plaintiff's husband, reached the first rail of the main track, walking north in the street, he was struck and killed by a west bound engine thereon. Plaintiff's evidence tended to show that he stopped, apparently to look and listen, just before crossing the switch track. The engine had a caboose attached and there was some evidence on behalf of plaintiff that it was going at high speed and that the crossing whistle was not blown. Defendant's evidence fixed the speed from twelve to fifteen miles an hour and was to the effect that timely warning was given both by bell and whistle, and that the headlight and other lights on the engine were burning. In rebuttal, plaintiff made an offer tending to prove that there was no headlight on the engine, but this was excluded as being part of the case in chief. It was developed by witnesses for plaintiff that they saw and heard the approaching engine, also saw the deceased as he came to the crossing, and some saw the collision. The undisputed evidence shows that, while it was in the evening, the conditions were such that the deceased, had he looked, could have seen the engine in ample time. It was not storming and there was nothing else at or near the crossing to distract Mr. Krenn's attention. He had resided near there for seven years and was entirely familiar with the situation. The court below directed a verdict for defendant on the ground of contributory negligence, from which plaintiff took this appeal.

Deceased was struck just as he reached the main track, in other words he and the engine arrived at the point of

contact practically at the same instant. Others saw the engine at a considerable distance, and it is inconceivable that he could not had he looked in that direction. He was somewhat deaf but that imposed upon him a higher degree of care: Flynn v. Pittsburgh Railways Co., 234 Pa. 335. The law is settled that one who walks in front of a moving train, in spite of the information afforded by his eyes and ears, and is immediately struck, is guilty of contributory negligence. Mr. Krenn was right by the track where he had a better opportunity to see the approaching engine than plaintiff's witnesses, and what they saw he might have seen. It is a traveler's duty to keep a lookout while crossing the tracks as well as to stop before attempting to do so. A verdict for plaintiff in the case at bar could not be sustained on the theory that the deceased was unable to see the engine in time to avoid the accident. We do not know why Mr. Krenn stepped in front of the engine, but a presumption that he used care cannot arise under the evidence: Bernstein v. Penna. R. R. Co., 252 Pa. 581. In our opinion on the question of contributory negligence the court below properly directed a verdict for the defendant.

The proposed rebuttal evidence tending to show that there was no headlight on the engine might properly have been admitted, as it was in contradiction to that submitted for the defense, and was pertinent on the question of contributory negligence. Yet had such evidence been received it could not have changed the result, as under all the evidence the engine was clearly visible as it approached the crossing. So the rejection of that evidence did plaintiff no harm.

The assignments of error are overruled and the judgment is affirmed.