## Fraser, Appellant, *v.* Freedman.

*Negligence—Contributory negligence—Defective eyesight—Degree of care to be used by blind person.*

In an action of trespass to recover damages for personal injuries, sustained by falling through the defendant's cellar door, it appeared that the plaintiff, a blind boy fourteen years of age, walked rapidly, in broad daylight, diagonally across the street, on to the pavement and into the cellar door. It further appeared that he had no staff or cane in his hand to warn him into what he was walking.

Under such circumstances, it was not error for the Court to enter judgment non obstante veredicto in favor of the defendant.

The law requires a degree of care upon the part of one whose eyesight is impaired proportioned to the degree of his impairment of vision. He is bound to use the care which would be exercised by an ordinarily prudent person, and in passing upon the question of his negligence due consideration should be given to blindness or other infirmities. In the exercise of common prudence one of defective eyesight must usually, as a matter of general knowledge, take more care and employ keener watchfulness in walking upon the streets and avoiding obstructions; in order to reach the standard established by law for all persons alike, whether they be sound or deficient.

The statement that a blind or deaf man is bound to a higher degree of caution than a normal person does not mean that there is imposed upon him a higher standard of duty, but rather that in order to measure up to the ordinary standard he must the more vigilantly exercise caution through other senses and other means, in order to compensate for the loss or impairment of those senses in which he is defective.

Argued November 20, 1925.   Appeals Nos. 293 and 294, October T., 1925, by plaintiffs from judgment of the Court of Common Pleas No. 2 -Philadelphia County, December T., 1922, No. 8298, on verdict directed in favor of defendant, in the case of Robert T. Fraser, by his father and next friend, George Fraser, and George Fraser, in his own right, v. Harry Freedman.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

The facts are stated in the opinion of the Superior Court.

Trespass for personal injuries.   Before STERN, P. J.

Verdicts for plaintiffs in the sum of $400 for the minor, and $100 for his father.   Subsequently the Court, on motion, entered judgment in favor of defendant.   Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*John Martin Doyle,* and with him, *Eugene Raymond,* for appellants.

*Robert Mair,* of *Rambo, Rambo & Mair,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

This is an action for personal injuries to Robert T. Fraser, who at the time of the accident was over fourteen years of age.   The boy and his father recovered verdicts in the court below but the court entered judgment in favor of the defendant non obstante veredicto, upon the ground that the boy was guilty of contributory negligence.   The plaintiffs have taken these appeals and here assign for error that ruling of the court.   We have, therefore, only to consider wheth-

er the evidence produced by the plaintiffs was such as to require the submission of the case to the jury.

The evidence produced by the plaintiffs tended to establish that the boy at the time of the accident was over fourteen years of age and there was nothing in that evidence to indicate that he did not possess the intelligence requisite to enable him to apprehend danger and avoid injury. The defendant kept a cigar store at the corner of 23rd and McKean Sts., in the city of Philadelphia. The entrance to the store was at the corner and there was what the witnesses called a "catercornered" step in front of the doorway. There was, on the McKean St. side of the house, a cellar door surrounded by a stone coping which at the end nearest the curb was about two and a half inches high and at the side next to the building about five inches high, this extended into the sidewalk the same distance with the step in front of the entrance to the store and the stone coping of the cellar door at the side nearest this step was distant therefrom about a foot and a half. Shortly after five o'clock on a bright afternoon in July, 1921, some person connected with the defendant's household came out of the store and opened one of the cellar doors and went down the stairway into the cellar and about five minutes afterwards Robert T. Fraser came out of his home on the opposite side of McKean St. some distance from 23rd St. with the intention of going to the store of the defendant, he walked rapidly across McKean St., diagonally, but instead of reaching the step leading into the store, mistook the direction, tripped over the stone coping and fell through the open door of the cellar and was injured. The plaintiffs' evidence established that the boy had been blind from birth and could not see the ground or pavement upon which he was walking. There was no evidence indicating that there were any other persons upon the sidewalk or

anything to obstruct a full view by the plaintiff of
the conditions existing, or anything to interfere with
his choosing his own course to reach the entrance
to the store. If, in these circumstances, a normal per-
son had thus fallen into the cellar it is manifest that
they must have been held guilty of contributory negli-
gence. It is argued by the appellants that this boy
cannot be held guilty of contributory negligence be-
cause he could not see. The boy was of an age when
capacity to apprehend danger is to be presumed, un-
less evidence of lack of capacity is produced. The
law requires a degree of care upon the part of one
whose eye-sight is impaired proportioned to the de-
gree of his impairment of vision. He is bound to use
the care which would be exercised by an ordinary pru-
dent person, and in passing upon the question of his
negligence due consideration should be given to blind-
ness or other infirmities. In the exercise of common
prudence one of defective eye-sight must usually, as
a matter of general knowledge, take more care and
employ keener watchfulness in walking upon the
streets and avoiding obstructions; in order to reach
the standard established by law for all persons alike,
whether they be sound or deficient. The statement
that a blind or deaf man is bound to a higher degree
of caution than a normal person does not mean that
there is imposed upon him a higher standard of duty,
but rather that in order to measure up to the ordinary
standard he must the more vigilantly exercise caution
through other senses and other means, in order to
compensate for the loss or impairment of those senses
in which he is defective; Karl v. Juniata County, 206
Pa. 633; Flynn v. Railway Co., 234 Pa. 335; Krenn v.
Pittsburgh, C., C. & St. L. Ry. Co., 259 Pa. 443; Keith
v. Worcester, 196 Mass. 478. The evidence produced
by the plaintiffs clearly establish that this boy walked
rapidly, in broad daylight, diagonally across McKean

St. and the sidewalk on the opposite side of that street and into the cellar door, without taking any precautions whatever, no staff or cane in his hand to warn him into what he was walking, and this when he was totally blind. The court below did not err in holding that his own evidence established his contributory negligence. The assignments of error are dismissed.

The judgment is affirmed.