Schoen et ux., Appellants, *v.* Elsasser.

Argued March 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Anne X. Alpern,* with her *Daryle R. Heckman* and *Clarence L. Shaver,* for appellants.

*Percy Allen Rose,* with him *Archibald M. Matthews,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 30, 1934:

This is an action of trespass to recover damages growing out of a collision between two automobiles. The scene of the accident was Sliding Rock Hill on the Lincoln Highway. The car in which plaintiffs were riding

was traveling east, that of defendant west. The testimony of plaintiffs was that the collision took place on the west side of the summit of the hill, and that of defendant was that it took place on the east side of the summit. The jury found a verdict for defendant, on which judgment was entered, and plaintiffs appeal.

We shall deal with but one of the questions raised, as the answer to it necessitates a reversal. Defendant and the other occupant of his car testified that the two automobiles came together on the east side of the hill. In this they were corroborated by the testimony of two witnesses who were occupying another car traveling behind that of defendant. To throw doubt upon the reliability of the testimony of these two witnesses, plaintiffs, in rebuttal, offered to show, by the testimony of the superintendent of highways for the district, the contour and outline of the highway on the east side of the hill, and that there is a sharp curve in approaching the crest of the hill from the east, which would place the view of the two witnesses who testified in defendant's favor at such an angle as to throw doubt upon their observation of the two cars immediately before and at the time of the collision.

Plaintiffs offered to show also, in rebuttal, by another witness, that since the time of the accident he had carefully examined the area designated by the defendant as the scene of the accident and had found that the road at the point of the accident is curved, and not straight as the defendant and his witnesses alleged. The offers were excluded by the court on the ground that they were not rebuttal. This was error. A litigant has the privilege of offering rebuttal testimony, and where the evidence proposed goes to the impeachment of the testimony of his opponent's witnesses, it is admissible as a matter of right. Rebuttal is proper where facts discrediting the proponents witnesses have been offered: Wigmore on Evidence, 2d edition, volume 4, page 20, section 1873. "For matters properly not evidential until the rebuttal,

the proponent has a *right* to put them in at that time, and they are therefore not subject to the discretionary exclusion of the trial court": Ibid., page 25, section 1873. Here, there was no occasion to put in the testimony as to the curved condition of the road and the consequent impossibility of observation until there came upon the record the testimony of defendant and his witnesses that the road was straight enough for them to see. "Whenever a party at a particular stage of rebuttal, original or subsequent, introduces to the attention of the tribunal new matter, it becomes the right of his opponent to introduce evidence to meet it": Chamberlayne on Evidence, volume 1, section 379.

A discussion of the rule we are invoking can be found in the interesting case of Throckmorton v. Holt, 180 U. S. 552, where the issue in controversy was the genuineness of a will witnessed by President Grant, General Sherman and Mrs. Sherman. A witness testified that the signature of General Sherman was not genuine. General Sherman's son was called to prove in rebuttal that the objection to the signature of his father was not an unusual feature of it, and that the signature was genuine. The trial court excluded the evidence as improper rebuttal. The Supreme Court in the course of its opinion said (page 564): "Counsel for the proponents could not anticipate what evidence would be given by their opponents, nor what reasons might be offered by a witness as the ground for an opinion against the genuineness of any signature on the paper. ...... Under these circumstances it seems to us that it was proper evidence in rebuttal. It was not a case where the discretion of the judge was appealed to. It was a case of strict right, and we are of opinion that the court below erred in refusing to admit the evidence."

We have always followed the rule that rebuttal is a matter of right under certain conditions. "As to matters that require explanation, or as to new matter introduced by the opposing interest, a party has a right, in

rebuttal, to reëxamine his witnesses": Asay v. Hay, 89 Pa. 77, 78. See also Arnold v. Pfoutz, 117 Pa. 103, 110; Roberts v. Young, 42 Pa. 439; Sidle v. Walters, 5 Watts 389.

In Krenn v. Pittsburgh, C., C. & St. L. Ry. Co., 259 Pa. 443, where defendant's witnesses testified that the headlight of a locomotive and other lights on the engine were burning, it was held that evidence in rebuttal to show that there was no headlight was improperly excluded "as it was in contradiction to that submitted for the defense, and was pertinent on the question of contributory negligence." See also Kuntzman v. Pittsburgh Rys. Co., 230 Pa. 364. "Where, however, evidence is real rebuttal evidence, the fact that it might have been offered in chief does not preclude its admission in rebuttal": 26 R. C. L., section 46, pages 1041-2; Stetson v. Croskey, 52 Pa. 230.

The first, second and third assignments of error are sustained and the judgment is reversed, with a new venire.