J-A22038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARK CERRONI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRITTANY CERRONI | : | |
| | : | |
| Appellant | : | No. 1131 EDA 2025 |

Appeal from the Order Entered March 31, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2022-007128

BEFORE:   LAZARUS, P.J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED OCTOBER 27, 2025**

Appellant, Brittany Cerroni (hereinafter, "Mother"), appeals from the custody order entered in the Court of Common Pleas of Delaware County on March 31, 2025 following a custody trial. After a careful review, we affirm as to three of the issues raised and remand for the reweighing of custody factors consistent with Kayden's Law. Additionally, we grant the request of Appellee, Mark Cerroni (hereinafter, "Father"), for an award of reasonable counsel fees against Mother pursuant to Pa.R.A.P. 2744, and we direct the trial court to determine the amount to be awarded on remand.

The relevant facts and procedural history are as follows. The parties were married on October 7, 2017, and divorced on January 27, 2025. They

_____

[*] Former Justice specially assigned to the Superior Court.

have three minor children together. Father filed a complaint in custody on September 23, 2022. On May 2, 2023, a temporary custody order was entered, granting the parties joint legal custody and awarding mother primary physical custody. On May 1, 2024, Father filed a request for primary/shared physical custody. A new temporary custody order was entered on June 6, 2024.

on July 15, 2024, Father filed an emergency petition for custody modification, which was denied on July 19, 2024. Following the filing of various motions, a custody trial was held on Father's petition for primary/shared physical custody. The trial began on October 14, 2025. The trial lasted for six days with proceedings occurring on October 15, 2024, October 23, 2024, January 7, 2025, January 8, 2025, and February 18, 2025. The trial court summarized the facts as follows:

> At the time of trial, Appellee Mark Cerroni (hereinafter also referred to as "Father" or "Appellee") was approximately 44 years old. Appellee was seeking shared legal and physical custody of the minor children. He testified that during the marriage, he and Appellant Brittany Cerroni (hereinafter also referred to as "Mother" or "Appellant") shared childcare responsibilities equally. However, Mother contends that Father was never actively involved in caring for the children, changing perhaps just one diaper overall. Yet when S.C. was approximately one year's old at the onset of the COVID-19 pandemic, Mother—who was classified as an essential employee—continued working. Therefore Father, who was attending law school virtually, was able to stay at home and care for S.C. He fondly refers to this period as "daddy daycare."

> Conversely, around the time of their youngest child's birth, the parties' relationship had begun to deteriorate. Though Mother filed for divorce on June 20, 2022, the parties continued to reside together until Father was removed from the marital home, on

- 2 -

October 14, 2022, due to a Protection From Abuse petition (hereinafter also referred to as "PFA") filed by Mother. Following a full hearing, Mother's final PFA was denied.

Father is a sole proprietor criminal defense attorney who practices in multiple counties, including Montgomery, Chester, Luzerne, York, and Williamsport. Thus, he frequently travels long distances for trials. However, Father was able to perform all of the custodial pickups and drop-offs. Mother did acknowledge that Father has only been late a handful of times, typically within the fifteen-minute grace period. Hence Father testified that he is willing and able to adjust his work schedule to accommodate any additional custody time. Likewise, he expressed the need to be more present during the children's formative years and therefore requested shared legal custody and physical custody.

At the time of trial, Mother desired to retain shared legal custody and primary physical custody of the children. Mother cited concerns over Father's alleged abusive behavior. Throughout the trial, Mother raised allegations of emotional, physical, and sexual abuse, as well as concerns regarding Father's alcohol use and temper. However, Father was acquitted of all criminal charges and, after a full bearing, Mother's final PFA was denied with prejudice. At the time of trial, Mother had a pending civil lawsuit against Father in the Philadelphia Court of Common Pleas. Mother was again alleging assault and seeking $5,000,000 in damages.

Mother is employed as a veterinary surgeon and asserts that she has been the children's primary caregiver since birth. She adjusted her work schedule, with assistance from maternal grandmother and a series of nannies, to allow her to drop off and pick up the children from school, as well as manage their extracurricular activities. Mother alleges that Father's request for additional custody time is motivated by a desire to cause her distress and reduce his child support obligation. Father denies Mother's allegations, asserting concerns that the children spend a great deal of time with nannies as opposed to either of their parents, and that he was the parent who prepared the meals whereas Mother provides the children frozen meals for dinner. Mother states that her motivation to retain primary custody is an effort to maintain stability in the children's lives and protect them from what she describes as Father's emotional outbursts.

Tr. Ct. Op. at 1-2 (unnumbered).

On March 31, 2025, the trial court entered a final custody order granting the parties shared legal and physical custody over the children. Mother filed a timely notice of appeal. On April 30, 2025, she filed her concise statement pursuant to Pa.R.A.P. 1925(b). This appeal followed.

Mother raises these four issues for our review:

A. Did the Trial Court err as a matter of law and abuse its discretion by barring Defendant from presenting Detective Schreiber as a witness.

B. Did the Trial Court err as a matter of law and abuse its discretion by not finding the Plaintiff abused the Defendant and/or finding the factors related to abuse and safety of the children in favor of Defendant.

C. Did the Trial Court err as a matter of law and abuse its discretion by not properly analyzing Kayden's Law and properly applying it to this case.

D. Did the Trial Court err as a matter of law and abuse its discretion by denying Defendant's request to present a rebuttal.

Appellant's Br. at 7.

"Our standard of review over a custody order is for a gross abuse of discretion." **Yates v. Yates**, 963 A.2d 535, 538 (Pa. Super. 2008) (citation omitted). Such an abuse of discretion will only be found if the "trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record." **Id**.

Further, in reviewing a custody order:

We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making

independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Klos v. Klos*, 934 A.2d 724, 728 (Pa. Super. 2007) (citation omitted). As with any custody matter, the paramount concern is the best interests of the children involved. *See id*.

Mother's first issue challenges the trial court's decision to prohibit testimony from Detective Schreiber. Mother argues in her brief that she reported incidents of abuse to Detective Schreiber during the investigation. Appellant's Br. at 25. Mother sought to call him as a witness to testify to her reports of abuse, which she claims was relevant to corroborate her testimony. *Id.* at 26. The trial court explained that it precluded him from testifying because his testimony was not likely to be relevant; this detective was neither the responding officer nor the assigned investigator in any of the alleged incidents underlying the matter. Tr. Ct. Op. at 6 (unnumbered).

The record reflects that Mother did not object to the court's decision to preclude this detective's testimony regarding the alleged abuse. N.T., 10/23/24, at 18-26. In order to preserve a challenge to a trial court's ruling on the admissibility of evidence for purposes of appellate review, a party must interpose a timely and specific objection in the trial court. "The rule is well

settled that a party complaining, on appeal, of the admission of evidence in the [c]ourt below will be confined to the specific objection there made." *Commonwealth v. Cousar*, 928 A.2d 1025, 1041 (Pa. 2007), quoting *Commonwealth v. Boden*, 159 A.2d 894, 900 (Pa. 1960). Accordingly, this issue is waived.

Notwithstanding the failure to preserve this issue, our review of the record confirms that Detective Schreiber's testimony would not have been corroborative but merely cumulative. Evidence may be excluded if its probative value is outweighed by the "needless presentation of cumulative evidence." Pa.R.E. 403. We define cumulative evidence as "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 989 (Pa. Super. 2007). Detective Schreiber had no independent knowledge of the abuse alleged by mother because he did not witness any physical or sexual abuse, he was not the responding officer, and he did not issue any reports. N.T., 10/23/24, at 20, 23-24. Mother's counsel agreed when the court asked if the detective "would've only been speaking to what he was told by [Mother]." *Id.* at 21. The court did not abuse its discretion in declining to permit "repetitive testimony of someone who's going to simply repeat hearsay[.]" *Id.* at 23.

Mother's second issue challenges the court's finding that the factors of abuse and safety weighed in favor of Father. As stated above, our standard of

review of a custody order is abuse of discretion, "[w]e must accept findings of the trial court that are supported by competent evidence of record," and we "defer to the court's findings of credibility and weight of the evidence." **Klos, supra**. Among the factors to weigh when awarding custody, a trial court must consider which parent is more likely to ensure the safety of the child as well as any abusive, violent, or assaultive behavior committed by either parent. 23 Pa.C.S.A. § 5328(a)(1), (2), (2.2). In this case, the trial court found that Father is more likely to ensure the safety of the children, and that the factors of abuse and violence did not weigh in favor of either party. Tr. Ct. Op. at 6.

Mother argues in her brief that she presented ample evidence of abuse in the form of a photograph, a video, and her extensive testimony. Appellant's Br. at 21-22. She asserts that the trial court ignored this evidence and/or believed Father who "downplayed" the abuse. **Id.** at 22, 23. Initially, we note that that the argument portion of an appellate brief must be developed with pertinent discussion of the issues, including citations to relevant authority and reference to the record. Pa.R.A.P. 2119(a); **see Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) ("The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority."). This Court notes with displeasure that Mother's argument does not cite to the record. The reproduced record for this case is well over 2,000 pages. Her argument also does not contain any citations to caselaw, and only briefly mentions section 5328, incorrectly

labeling the factors in subsection (a). This Court "will not become the counsel for an appellant[.]" **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006). Nonetheless, we readily conclude that this issue is meritless.

The trial court states the following:

> Throughout the trial Mother was adamant she suffered abuse at the hands of Father. This Court listened to extensive testimony from Mother, her parents, and her friend regarding their belief that Father abused Mother. However, after full civil and criminal trials, which addressed the very same allegations Mother raised during the custody trial, Father was acquitted of all charges. Throughout the trial, Mother alleged that Father was emotionally abusive, which the Court did not find credible. The Court reviewed extensive communications between the parties on the Our Family Wizard app, and did not find the messages to be harassing or abusive in nature. Additionally, the court reviewed videos, taken from inside the home on a nanny cam, and body camera footage from responding police officers. In most of the scenarios posed to the court, the court found that Mother was in fact the antagonist.

Tr. Ct. Op. at 7 (unnumbered). The trial court went on to describe the evidence purported to substantiate several occasions of abuse. The trial court found Mother's versions of events to lack credibility and found that Father's conduct was reasonable in the video footage. **Id.** at 7-9.

We find no abuse of discretion. We are required to accept the findings of fact and credibility determinations of the trial court if the record supports them. **In re L.Z.**, 111 A.3d 1164, 1174 (Pa. 2015). Mother's argument that the trial court ignored the evidence is belied by the trial court's opinion, and she essentially invites us to find her testimony credible where the trial court did not. Notably, "we are not in a position to reweigh the evidence and the credibility determinations of the trial court." **In re R.J.T.**, 9 A.3d 1179, 1190

- 8 -

(Pa. 2010). The record supports the trial court's findings that Father was acquitted of all alleged abuse. Further, the record confirms that, while Mother accused Father of choking her at a PFA hearing, she admitted during the custody trial that Father never choked her. N.T., 2/16/23, at 22, 40; N.T., 1/8/25, at 94. The trial court was within its discretion in finding the abuse and violence factors neutral and finding the safety factor to weigh in favor of Father. Accordingly, we find no merit to this issue.

Mother's third issue challenges the trial court's application of Kayden's Law. Appellant's Br. at 20. The Act of April 15, 2024, P.L. 24, No. 8, colloquially known as "Kayden's Law," was intended to strengthen the custody factors relating to abuse and to provide for additional safety conditions in the event the court finds a history of abuse of a child or a household member by a party. The following four factors must be given "substantial weighted consideration" the custody court's best interest analysis:

> (1) Which party is more likely to ensure the safety of the child.
>
> (2) The present and past abuse committed by a party or member of the party's household, which may include past or current protection from abuse or sexual violence protection orders where there has been a finding of abuse.
>
> (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).
>
> (2.2) Violent or assaultive behavior committed by a party.

23 Pa.C.S.A. § 5328(a).

Appellant argues that the trial court gave "moderate" or "little" weight to the factors concerning the safety of children and abuse instead of "substantial weight" as required by Kayden's Law. We note again that Mother's argument does not cite to the trial court's opinion wherein it weighed the custody factors. Nonetheless, our review of the trial court's Findings of Facts and Conclusions of Law in Support of Final Custody Order reveals that the court did indeed state that it gave only "moderate" weight to the safety factor and violent or assaultive behavior factors, 23 Pa.C.S.A. § 5328(a)(1) and (2.2), and "little" weight to the abuse factors, 23 Pa.C.S.A. § 5328(a)(2) and (2.1). Tr. Ct. Findings of Fact, 3/25/25, at 6, 7, 9 (unnumbered).

As to factors 2, 2.1, and 2.2, the court found them neutral, stating that they do "not weigh in favor of either party." *Id.* at 6, 7. Accordingly, although we agree that the factors required "substantial weighted consideration," giving a greater degree of weight to factors that did not lean towards either party would not affect the outcome. As to the safety factor, the trial court found it weighed in favor of Father. In affording this factor "moderate" as opposed to "substantial" weight, we find that the court misapplied Kayden's Law. For this reason, we remand to the trial court to have the trial court reweigh the factors with substantial weight to be given to the finding that Father is more likely than Mother to ensure the safety of the children. The trial court is to afford substantial weight to its determination that "[t]his court did not find that Father posed a safety risk to the children. To the contrary, this court concluded

that Mother demonstrated questionable judgment with respect to the children's safety." *Id*. If, following the reweighing of factors, the trial court finds that the balance shifts in Father's favor, it shall modify the custody order awarding more time to Father. If, following the reweighing of factors, the trial court finds that the balance remains unchanged, the current custody order shall remain in place.

Mother's fourth issue is that the trial court abused its discretion by denying her request to present a rebuttal. Mother argues that as a matter of privilege and as a matter of right, she should have been permitted to present a surrebuttal to impeach Father's rebuttal testimony. Appellant's Br. at 27. The admission or rejection of rebuttal testimony rests in the discretion of the trial court. ***Commonwealth v. Miller***, 417 A.2d 128 (Pa. 1980); ***Commonwealth v. Stevens***, 419 A.2d 533 (Pa. Super. 1980). It is likewise within the discretion of the trial judge to permit either side to reopen its case to present additional evidence. ***Commonwealth v. Deitch Co.***, 295 A.2d 834 (Pa. 1972). In the posture of this case, we find no abuse of the trial court's discretion.

First, we note again with displeasure that Mother's argument contains no citation to the record for the proposition that "Mother requested the ability to rebut Father's rebuttal and that request was denied." Appellant's Br. at 26. While this Court will not act as counsel for Mother, we nonetheless reviewed the nearly 2,200-page record for Mother's request for rebuttal. Our search revealed the following: At the proceedings on October 23, 2024, Father's

attorney preserved Father's rebuttal request at the conclusion of his case in chief. N.T., 10/23/24, at 7. On the second day of Mother's case in chief, January 8, 2025, Mother's attorney indicated her belief that the parties would return to court on a different day for *Father's* rebuttal. N.T., 1/8/25, at 6-7. At the following proceeding which occurred on February 18, 2025, at the close of Mother's case in chief, Mother's attorney asked the court, "are we doing rebuttal" on a separate "rebuttal day." N.T., 2/18/25, at 192. Father's attorney clarified that Father merely requested the opportunity to put on rebuttal and that a whole day was not needed. ***Id***. Father's rebuttal took place thereafter on the same day.

The court limited the scope of rebuttal to evidence raised during Mother's case in chief which took place January 7 and 8, 2025, and February 18, 2025. N.T., 2/18/25, at 233, 240. The court specifically indicated to Father's attorney that if any testimony is outside the scope that "there's either going to be the [o]bjection made by counsel for [Mother] or the ability for [Mother] to now do her rebuttal." ***Id***. at 233. Mother's counsel did object to testimony several times throughout Father's rebuttal, but following Father's testimony, Mother did not make a request for rebuttal.

Accordingly, since this Court's review of the record did not locate any clear request for rebuttal from Mother, we find this issue waived. However, even if this issue had been preserved, it is meritless. It is well-established that parties

are not permitted as a matter of right to present testimony in rebuttal when such testimony was properly part of their case in chief. It is axiomatic that it is within the trial court's discretion to admit or exclude rebuttal testimony which could have been properly presented as part of [the party's] case in chief. ***Downey v. Weston***, 451 Pa. 259, 268-69, 301 A.2d 635, 641 (1973); ***Klyman v. Southeastern Pa. Transp. Auth.***, 331 Pa.Super. 172, 179, 480 A.2d 299, 303 (1984). . . . Rebuttal is proper as to matters that require explanation. ***See Schoen v. Elsasser***, 315 Pa. 65, 172 A. 301 (1934).

***Clark v. Hoerner***, 525 A.2d 377, 387 (Pa. Super. 1987).

Here, Mother testified to her allegations against Father in her case in chief. Father was given the opportunity to rebut those allegations. During his rebuttal, he did not exceed the scope of Mother's case in chief. Mother asserts in her brief that Father's rebuttal was "substantial," but she does not argue that he introduced new material which required further explanation. As the trial court explained,

[Father] was properly permitted to present rebuttal evidence concerning the abuse allegations raised by [Mother], as [Father] had not previously addressed those allegations during his case in chief. The court appropriately instructed [Father's] counsel that any rebuttal testimony offered by a [Father] must be limited in scope to new matters raised during [Mother's] case in chief. Similarly, the court declined [Mother's] request to present rebuttal testimony because [Father's] rebuttal did not introduce any new evidence warranting a response.

Tr. Ct. Op. at 10 (unnumbered) (internal citations to the record omitted). The court did not abuse its discretion.

Finally, we address Father's request for attorney's fees from Mother. In Father's brief, he asserts that Mother repeatedly used the legal system to harass and intimidate him by aggressively pursuing multiple frivolous legal

- 13 -

actions against Father, who lost his job due to Mother's allegations of which he was acquitted. Appellee's Br. at 26. Our Rules of Appellate Procedure allow this Court to impose an award of reasonable counsel fees against a party if we determine that "the appeal is wholly frivolous . . . or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744.

This Court cannot ignore Mother's repeated use of the court system to pursue Father with a PFA hearing, a divorce, a criminal trial, a civil lawsuit, a custody trial, and an appeal, with the inclusion of unfounded allegations. **See Feingold v. Hendrzak**, 15 A.3d 937, 943 (Pa. Super. 2011) (imposing counsel fees for abusing the court system to harass the opposing party with lawsuits containing unfounded allegations). Specific to this appeal, Mother raised multiple issues that were waived for her failure to preserve them in the trial court. **See Krystal Dev. Corp. v. Rose**, 704 A.2d 1102, 1104 (Pa. Super. 1997) (imposing counsel fees for filing appeal with no issues preserved for appellate review). She also violated our briefing rules by failing to cite to the record in her argument. **See Jones v. Jones**, 878 A.2d 86, 91 (Pa. Super. 2005) (imposing counsel fees when appellant disregarded the Rules of Appellate Procedure by filing a brief in violation of the briefing rules). Mother's argument spans eleven pages, discusses five issues, and does not provide a single citation to the certified record, the nearly 2,200-page reproduced record, or the trial court's opinions. Accordingly, pursuant to Pa.R.A.P. 2744,

we remand this matter to the trial court to determine reasonable counsel fees to be awarded to Father and paid by Mother. ***See First Union Mortgage Corp. v. Frempong***, 744 A.2d 327, 338 (Pa. Super. 1999) (awarding attorney's fees following a determination that the appeal was frivolous).

Order affirmed in part. Case remanded for the reweighing of custody factors and the calculation and imposition of counsel fees consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/27/2025</u>