## Llewellyn, Appellant, *v.* Duquesne Light Co.

*Practice, C. P.—Trial—Evidence—Cross-examination—Harmless error.*

1. Where a defendant is permitted to ask plaintiff's witness an improper question on cross-examination, plaintiff should move to strike out the evidence, and the trial court's refusal to strike it out, may be assigned for error.

2. Such testimony, however, did plaintiff no harm, if his witness was later recalled, and gave an explanation of the same matter which nullified any possible adverse effect.

*Negligence—Electric light companies—Evidence—Underwriters rules—Charge—Question in rebuttal—Discretion of court.*

3. Where, in an action against an electric light company for the death of a man employed by a consumer of the company, a witness for defendant is permitted to testify that the underwriter's rules required an equipment different from that used when the deceased was killed, the effect of such testimony, even if there was error in admitting it, is neutralized by an instruction that, as between plaintiff and defendant, the failure of the decedent's employer to do his duty would avail nothing in favor of defendant, even if such instruction was erroneous, as such instruction withdrew from the jury the disputed evidence.

4. The court committed no error in admitting the evidence under the case as it then stood.

5. The court does not abuse its discretion in sustaining an objection to a question asked by plaintiff in rebuttal, where the question is not intelligible in itself, and, even if it had the meaning claimed for it, was not proper in rebuttal.

Argued October 21, 1921. Appeal, No. 166, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1919, No. 1690, on verdict for defendant, in case of Nevada Llewellyn v. Duquesne Light Co. Be-

fore Moschzisker, C. J., Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Affirmed.

Trespass for death of plaintiff's husband.  Before Cohen, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1-3) rulings on evidence, referred to in the opinion of the Supreme Court, quoting the bill of exceptions.

*John M. Reed,* with him *Charles F. Patterson,* for appellant, cited: Lynch v. Meyersdale L., etc., Co., 268 Pa. 337; Doud v. Hines, 269 Pa. 182.

*John G. Frazer,* with him *W. L. G. Gibson* and *Reed, Smith, Shaw & Beal,* for appellee, cited: Albrecht v. Erie, 265 Pa. 453; Bowser v. Light, H. & P. Co., 267 Pa. 483; Orborne v. Walley, 8 Pa. Superior Ct. 193; Stetson v. Croskey, 52 Pa. 230.

Opinion by Mr. Justice Kephart, January 3, 1922:

Deceased was killed by grasping an over-charged wire used for lighting purposes inside a building.  The jury found defendant was not responsible for the death, which finding the court below refused to disturb, and plaintiff in this appeal complains of admission of certain items of evidence.  It appears her husband, who was an engineer, employed by the By-Products Company, knew something was wrong with the lights; he was informed, by the night man whom he relieved, that they would not burn.  Notwithstanding this, he reached up, took hold of the light socket, and that instant met his death.  Defendant, on cross-examination, was permitted to ask plaintiff's witness, "What instruction did you give your men when you found the lights were not burn-

ing?" It proposed to follow this question by showing these instructions were communicated to the deceased. If this evidence was a necessary part of the case, and if defendant was required to show actual knowledge, plaintiff should have moved to strike out the evidence and the trial court's refusal to strike it out should have been assigned as error. This was not done. The proposed inquiry was on a subject leading to deceased's contributory negligence. The question was comprehensive enough to include him. The answer to the question, however, did the plaintiff no harm. When the witness was later recalled, his explanation, in testifying on the same matter, clearly nullified any possible adverse effect.

Plaintiff's testimony disclosed the bulb was set in a brass socket, without a key or switch, and, to regulate, it was necessary to grasp the socket and bulb. The floor of the engine room was damp, and this would be an added danger in attempting to regulate the light, even with an ordinary voltage on the line, and a much greater danger with an excessive voltage. It likewise appeared in the case that, had a porcelain socket been used, with an ordinary key, the danger would have been very much lessened. Plaintiff's witness, Riley, had testified it was not necessary to use a porcelain socket, or one made of nonconducting material, while one of defendant's witnesses testified the rules of the Underwriters Association required a porcelain socket and an insulated key.

Without discussing the admissibility of these rules, or evidence in relation thereto, the trial court, in charging the jury, removed the effect of this evidence, saying "as between plaintiff and defendant, the failure of the by-products company to do its duty would not avail anything in favor of the Duquense Light Company. That would be a question between defendant and the by-products company; even though the by-products company were negligent in not imparting to deceased knowledge of any defect, through the medium of their superintendent who knew of it, that the electric light

had not burned the night before, it would not avail defendant in this case." Defendant might seriously question the correctness of this statement of law, but it cannot complain in this appeal, and it is clear to us the court below withdrew from the jury's consideration the disputed evidence. Apart from this, however, we are not convinced the court committed error in admitting the evidence under the case as it then stood.

The third assignment is not intelligible. The question objected to is as follows: "Q. This transformer, being of the size it was and the load it was designed to carry, was it large enough to cause any deterioration—was the size of it sufficient to cause deterioration in the coils of the wire?" Some effort has been made to prove this was intended to indicate the cause of the defective transformer by showing it was overloaded, but there is nothing in the question informative of any such proposition. Furthermore, plaintiff had made out her case by showing a defective transformer, that permitted an overcharge of electricity to pass from the primary to the secondary wires. No evidence had been offered in chief as to the cause of this defect, and defendant's witnesses were unable to tell what caused the breakdown. Admitting what appellant now urges was the purport of her examination, it did not prove negligence; nor did it reply to any evidence advanced by defendant. Plaintiff, in further elaboration of the charge defendant was negligent in permitting a defective transformer to remain on the line, might have adduced evidence of cause, but the court cannot be convicted of error in declining, in rebuttal, to permit such proof to be introduced when defendant had not set up as a cause a defective transformer, for which it was not responsible. The admission of the evidence was within the discretion of the court below.

Judgment affirmed.