## Zimmerman *v.* Pennsylvania Railroad Co., Appellant.

Argued January 5, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Charles M. Clement,* with him *J. Simpson Kline,* for appellant.

*Fred B. Moser,* for appellee.

PER CURIAM, January 26, 1931:

Plaintiff sued to recover for injuries sustained at the time the truck he was driving was struck by one of defendant's trains at a grade crossing. The case came before us on a previous appeal and was sent back to the court below for retrial because the damages awarded, $20,000, were considered excessive: 297 Pa. 390. Following the second trial and verdict in plaintiff's favor, the court in banc refused defendant's motions for judgment non obstante veredicto and for a new trial. This appeal followed.

Briefly, the circumstances of the collision were as follows: Plaintiff was driving his employer's truck along a public highway which intersected at right angles a siding and main tracks of defendant company. Before starting to cross the tracks, he stopped about 18 feet from the siding track, from which point his view extended to his left, the direction from which defendant's train approached, for a distance of approximately 425 feet, where the track curved. Standing on the siding at the left of the road, in the direction in which plaintiff was driving, were two large coal cars. In passing these cars, his view was obscured for a few seconds, and in this brief time the train rounded the curve on the main track and was, as he testified, upon him before he could either stop and reverse or clear the track by going forward. His truck was struck near the middle, and he received the injuries which are the subject of this action.

Considering first the amount of the verdict, the jury in this second trial awarded plaintiff $18,500, which sum was reduced by the court below to $14,500; this award, in our opinion, should not be disturbed, particularly in-

asmuch as it appeared at the second trial that plaintiff's injuries were of a more serious and permanent nature than was anticipated at the time of the first trial.

Defendant complains of the refusal of the court below to admit in evidence, in the form offered, calculations prepared by defendant as to the distance at which a train approaching this crossing should give warning. The facts sought to be presented, however, were brought out at other points in the trial and appear of record, the whole subject of whether due warning was given receiving much attention, both in the testimony and in the charge, and being properly and correctly submitted to the jury.

Defendant also complains that the jury were permitted to weigh the evidence of seventeen witnesses for defendant as against plaintiff's uncorroborated testimony as to whether plaintiff was adequately warned by the whistle of approaching train. At the time this case was first before us, we noted that the opinion of the court below on this question indicated that perhaps the court, in its charge to the jury, had unduly stressed plaintiff's testimony: Zimmerman v. P. R. R., supra, 398-9. In the present trial, however, the court below charged the jury carefully and fully. It is well established that "A question of fact supported......by the positive evidence of a single witness [cannot] be withdrawn from the jury, however strong the opposing proof may be": Saxman v. McCormick, 278 Pa. 268, 272.

We see no error in the trial. The charge of the court was full and impartial; the issues presented were for the determination of the jury; and the court below was warranted in refusing motions for judgment n. o. v. and for a new trial.

The judgment is affirmed.