Flowers *v.* Green, Appellant.

482

Argued January 12, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Gerald J. Cohen,* for appellant.

*Sheldon Tabb,* with him *Needleman and Needleman,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 22, 1966:

This is a conventional personal injury case. The plaintiff was crossing a street when he was struck by an automobile driven by the defendant. The jury returned a verdict for the plaintiff and the defendant appealed, submitting various questions for review.

He argues he was entitled to a nonsuit on the basis that the plaintiff was guilty of contributory negligence since the plaintiff testified that he had advanced into a street seven or eight feet when the defendant's automobile, which later hit him, was 70 or 80 feet away. Whether the plaintiff acted as a reasonably prudent person was a question for the jury to determine. The defendant argues that the plaintiff should have continued to look both ways as he crossed the street. A pedestrian is not like Janus in Roman mythology, equipped with two pairs of eyes, permitting him to look in opposite directions simultaneously. He is required by law only to due care and prudence under the circumstances. The evidence does not reveal that he so violated the rule in this respect as to warrant the entering of a nonsuit. (*Campbell v. Balis,* 380 Pa. 245; *Weidemoyer v. Swartz,* 407 Pa. 282.)

At the termination of the defendant's case, the plaintiff called the defendant for cross-examination. The defendant complains this was improper. This proce-

dure is proper only as rebuttal if evidence adduced during the trial impels the plaintiff to reply through cross-examination of the opposing party. Whether the matter covered in cross-examination amounted to rebuttal or not was a matter in the sound discretion of the trial judge. In *Schoen v. Elsasser*, 315 Pa. 65, this Court said: "A litigant has the privilege of offering rebuttal testimony, and where the evidence proposed goes to the impeachment of the testimony of his opponent's witnesses, it is admissible as a matter of right. Rebuttal is proper where facts discrediting the proponent's witnesses have been offered: Wigmore on Evidence, 2d. edition, volume 4, page 20, section 1873. 'For matters properly not evidential until the rebuttal, the proponent has a right to put them in at that time, and they are therefore not subject to the discretionary exclusion of the trial court'."

It is not apparent that the trial judge erred in his ruling on this point in the case.

During the cross-examination above adverted to, plaintiff's counsel asked many questions to which defendant's counsel objected, which objections were sustained by the court. The defendant argues that this persistence on the part of the plaintiff amounted to misconduct which should have called for the withdrawal of a juror and the declaration of a mistrial. This again was a matter which addressed itself to the sound discretion of the trial judge. In addition, defendant's counsel made no motion for the withdrawal of a juror. (*Narciso v. Mauch Chunk*, 369 Pa. 549.)

In cross-examining the defendant, plaintiff's counsel attempted to introduce depositions for the purpose of discrediting the defendant. The court excluded the depositions. Defendant's counsel argues that this constituted an attempt on the part of the plaintiff to impeach his own witness. The depositions, however, were not permitted by the court and it is not apparent that

the putting of questions which were overruled by the court prejudiced the defendant or caused a violation of the rule the defendant here propounds.

During the summations plaintiff's counsel argued that the failure of the defendant to testify in his own behalf could be construed as an inference against him. There is no indication that plaintiff's counsel exceeded the bounds of propriety and of legitimate argument in a closing speech. The law is not disposed to build fences around an attorney restricting him in covering the shot-up terrain of litigation in such way as he deems wise in the presentation of his final plea for justice to his client. Under the wary eye and the attentive ear of the presiding judge, lawyers do not often abuse this legitimate latitude of forensic expression. There is no indication that plaintiff's counsel did so in this case.

Finally, the defendant complains that he was denied an adequate opportunity to impeach the credibility of the plaintiff by introducing a police record to show that a Willie Bell who had been involved in a violation of criminal law and allegedly living at the plaintiff's address was the plaintiff himself. The court ruled that the defendant would be required to produce a police officer who would identify the plaintiff as the Willie Bell in question. The defendant, in this regard, was endeavoring to discredit the plaintiff by the introduction of criminal records in a civil case. We held in *Keough v. Republic Fuel and Burner Co.,* 382 Pa. 593, that this was a matter falling within the sound discretion of the trial judge: "In the exercise of its discretion the trial court must view the various aspects of the trial and determine whether the probative value of the offer is outweighed by the risk that its admission will create substantial danger of undue prejudice or of misleading the jury, and must consider also

486

the remoteness of the convictions in question from the date of the offer."

The trial court did not abuse its discretion in this matter.

Judgment affirmed.