490

Murphy, Appellant, *v.* Philadelphia.

Argued November 16, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Michael Shekmar,* for appellant.

*John J. McNally, Jr.,* Deputy City Solicitor, with him *Gerald Gornish,* Assistant City Solicitor, *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION PER CURIAM, March 22, 1966:

Appellant, on April 20, 1961, suffered bodily injuries when she was struck by a Philadelphia police car. To recover resultant damages, she commenced an action of trespass against the City. The jury, which saw and heard the witnesses tell conflicting stories, brought in a verdict for the City. Appellant moved for a new trial and appealed to this court after refusal of her motion and the entry of judgment on the verdict of the jury.

In her new trial motion and here, appellant complains that the trial court erred (1) in refusing to allow certain allegedly rebuttal testimony; and (2) in charging the jury that the police vehicle was an ambulance[1] entitled to the statutory exemptions accorded to ambulances and submitting the issues of emergency and recklessness to the jury.

The grant or refusal of a new trial will not be reversed on appeal absent a clear abuse of discretion or an error of law which controlled the outcome of the case. *Connolly v. P.T.C.*, 420 Pa. 280, 216 A. 2d 60 (1966); *Firestone v. Schmehl*, 420 Pa. 644, 218 A. 2d 324 (1966). We find no such abuse or error in this record.

In essence, the testimony offered by appellant was directly contradicted by appellee's witnesses and the jury chose to believe the latter. The proffered evidence which the trial court refused was clearly merely cumulative and ought properly to have been a part of appellant's case in chief. Nor is there error in the charge of the trial court relative to the matters raised by appellant.

Even if we were to reach an opposite conclusion on either or both of the questions raised on appeal, we are convinced that such errors of law could not have "controlled the outcome of the case". We agree with the court below that "however one approaches the issues raised at trial . . ., the inescapable conclusion is that the controlling questions were of fact. And those fact questions were resolved by the jury, the body invested with responsibility for resolving factual disputes, . . .".

Judgment affirmed.

---

[1] At the time of the accident the police car was engaged in transporting a five year old boy to a hospital for emergency treatment of a head injury suffered in a fall.