Mishkin *v.* Lancaster Redevelopment Authority.

98

Argued June 8, 1972, before Judges KRAMER, WIL-
KINSON, JR., and BLATT, sitting as a panel of three.

*Daniel H. Shertzer,* for appellant.

*James F. Heinley,* with him *Necomer, Roda & Morgan,* for appellee.

OPINION BY JUDGE BLATT, July 13, 1972:

The appellant, a real estate broker and builder, was the owner of a two and one-half story frame house in the City of Lancaster, for which a Declaration of Taking was filed by the Redevelopment Authority of the City of Lancaster (Authority) in the Common Pleas Court of Lancaster County on December 17, 1969. A Board of Viewers was subsequently appointed, a view was made and a report was filed recommending an award of $1,665.83. The appellant appealed from this report and award, and, after a jury trial, there was a verdict for the appellant in the amount of $1,000.00. The appellant's motion for a new trial was refused, judgment was entered on the verdict, and it is from the refusal of the court below to grant a new trial that this appeal has been brought.

From the testimony given before the jury, it appeared that the condemned property was then uninhabitable and that no tenant had lived there since 1967. It also appeared that the appellant had purchased the property in 1963 for $2,200.00 and had made some improvements. He testified that he had attempted to begin rehabilitating the property prior to the condemnation, and that the property was worth $4,000.00 as rehabilitated. Because of damage caused by vandals, however, he estimated the current value to be $3,700.00. The Authority's expert witness testified that the property had a value of only $700.00, which was merely the value of the land, and it was his opinion that the condition of the building as well as the condition of the surrounding neighborhood were such that rehabilitation would be economically inadvisable, costing from $2,000.00 to $2,500.00, and yet expected to produce gross rental income of only $720.00 per year. In rebuttal, the appellant testified that the net rental income, following rehabilitation and after taxes and ex-

penses, would be approximately $500.00 per year. The court did not permit the appellant to testify in rebuttal as to the cost of rehabilitation, holding that such testimony should have been presented during the appellant's case in chief.

In asking that this Court reverse the lower court and grant him a new trial, the appellant carries a heavy burden. "The grant or refusal of a new trial will not be reversed on appeal absent a clear abuse of discretion or an error of law which controlled the outcome of the case." *Murphy v. City of Philadelphia*, 420 Pa. 490, 491, 218 A. 2d 323, 324 (1966); *Firestone v. Schmehl*, 420 Pa. 644, 218 A. 2d 324 (1966).

In attempting to meet his burden, the appellant argues initially that the jury's verdict was unrealistic, inadequate against the weight of the evidence, and, therefore, should not have been sustained. On this point, the Supreme Court has noted in *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 289, 265 A. 2d 516, 518 (1970), that: "A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. . . ." In this case, the jury was faced with widely varying testimony as to the value of the property concerned. It also received evidence that the appellant had earlier testified before the Board of Viewers as to still another valuation of his property, i.e., $3,000.00. Such discrepancy in testimony could understandably call the credibility of the appellant into question, and it was clearly the jury's duty to weigh the conflicting testimony and to decide the appropriate valuation. We cannot now say that its decision was unreasonable or that it is shocking to our sense of justice. Nor can we agree with the appellant in his attack upon the jury's award because it was 40% less than the award of the Board

of Viewers. The fact that there was this much difference between the Board of Viewers' award and the jury's award is an important factor to be considered when a new trial is requested, but it is not necessarily controlling. *Boring v. Metropolitan Edison Company,* 435 Pa. 513, 257 A. 2d 565 (1969); *Redevelopment Authority v. Yee Kai Teung,* 5 Pa. Commonwealth Ct. 65, 289 A. 2d 498 (1972). Given the conflicting testimony, not only as between the appellant and the Authority, but even as between current and earlier testimony of the appellant, we cannot say that a difference of 40% between the awards was per se unreasonable.

The appellant also contends that the lower court acted improperly in not permitting him to present evidence in rebuttal pertaining to rehabilitation costs. The admission of rebuttal evidence is normally within the discretion of the trial judge. *Flowers v. Green,* 420 Pa. 481, 218 A. 2d 219 (1966). The lower court here excluded the proposed rebuttal evidence because it was matter which the appellant could have presented during his case in chief, and, inasmuch as the courts have always recognized the necessity for an orderly presentation of evidence, the exclusion here seems reasonable:

"As to rebuttal, 'the usual rule will exclude *all evidence which has not been made necessary by the opponent's case in reply.*': Wigmore on Evidence, 3rd ed., Vol. 6, sec. 1873. Chief Justice Shaw in Cushing v. Billings, 2 Cush. 158, 159, said: 'The orderly course of proceeding requires that the party whose business it is to go forward should bring out the strength of his proof in the first instance.'" (Emphasis in original.) *Glen Alden Coal Co. v. Schuylkill County Commissioners,* 345 Pa. 159, 173, 27 A. 2d 239, 246 (1942).

"(A)s a general rule a party cannot claim as a right to give as evidence in rebuttal that which he might have given in chief. . . ." *Young v. Edwards,* 72

Pa. 257, 265 (1872). Furthermore, the trial court's discretion as to admitting rebuttal apparently extends only to matters which might have properly been evidential during the case in chief.

"A litigant has the privilege of offering rebuttal testimony, and where the evidence proposed goes to the impeachment of the testimony of his opponent's witnesses, it is admissible as a matter of right. Rebuttal is proper where facts discrediting the proponents witnesses have been offered: Wigmore on Evidence, 2d edition, volume 4, page 20, section 1873. 'For matters properly not evidential until the rebuttal, the proponent has a *right* to put them in at that time, and they are therefore not subject to the discretionary exclusion of the trial court': Ibid., page 25, section 1873." (Emphasis in original.) *Schoen v. Elsasser*, 315 Pa. 65, 66, 172 A. 301 (1934).

In this case, the appellant wished to present testimony in rebuttal as to rehabilitation costs, ostensibly in response to similar testimony by one of the Authority's witnesses. During the initial presentation of his case, however, the appellant had testified extensively as to his past attempts at rehabilitation, and as to his plans for further rehabilitation which the condemnation had cut short. The appellant never disputed the fact that the house was not habitable at the time of condemnation nor that extensive rehabilitation would be necessary in order to give the house any value. The cost of such rehabilitation was always a necessary element of the appellant's case and was not made necessary merely by the testimony of the Authority's witness. The proposed rebuttal evidence, therefore, was not for the purpose of impeaching the Authority's witness nor in response to new matter raised by the Authority, and the appellant had no right to introduce this evidence by way of rebuttal. Nor did the court be-

low abuse its discretion by refusing to permit this evidence in rebuttal. Its introduction at that time was clearly a matter for the lower court to determine, and, there being no abuse of discretion nor mistake of law by the lower court either in the exclusion of this evidence or in refusing to grant a new trial, the judgment of the lower court is, therefore, affirmed.