**Freeman v. Terzya**

*Benjamin Pomerantz,* for plaintiffs.
*Kalmon E. Fine,* for defendants.

BOLGER, J., January 15, 1974.—The case at bar is a suit in trespass brought by the mother on behalf of a minor who has been bitten by a dog and in her own right. It was tried before this court, sitting without jury, on July 30, 1973. A finding for defendants and against plaintiffs was entered on September 6, 1973. Exceptions to this finding were duly filed on September 18, 1973. Those exceptions were dismissed on October 23, 1973.

In reaching its decision of September 6, 1973, this court applied the principles of law enunciated by our Supreme Court in Andrews v. Smith, 324 Pa. 455 (1936). In Andrews, the court discussed the effect of the Dog Law of May 11, 1921 upon that case and held:

"That act does not purport to change or affect in any way the rule that an owner's liability for the vicious acts of his dog cannot be predicated upon ownership alone but it must be based also on an owner's knowledge of his dog's viciousness and his failure then to take steps to prevent that viciousness displaying itself to the hurt of human beings": 324 Pa. 455, 460 (1936).

The Dog Law of May 11, 1921 has been repealed and

superseded by the Dog Law of 1965 which latter act is the current Dog Law in this Commonwealth: December 22, 1965, P.L. 1124, art. XII, sec. 1205, 3 PS §460-1205.

A violation of the current Dog Law by defendants could not serve as proof of negligence per se on their part in this case. See the dissenting opinion of Cercone, J., in Oehler et vir v. Davis, 223 Pa. Superior Ct. 333, 340 (1972), in which he concurs with the majority's affirmance of the lower court's order entering a compulsory nonsuit as to the owner of the dog in a dog bite case. The principle of Andrews must be applied to determine the liability of defendants in cases such as the one at bar, irrespective of any violations on their part of the current State statutes or local ordinances with regard to the confinement of dogs. See the opinion of Cercone, J., in Oehler, supra.

Plaintiffs have excepted to what they have termed error on the part of this court in,

". . . failing to find that the defendant's dog, had crossed the highway and attacked the child plaintiff biting said child plaintiff after crossing the highway in violation of laws of the Commonwealth of Pennsylvania and the City of Philadelphia."

As it will become clear later in this opinion, this court did find that the dog of defendant, John Terzya, attacked the child plaintiff after it had crossed Susquehanna Avenue to get to her. Furthermore, in light of its foregoing discussion of the relevance of dog laws and ordinances to cases of this nature, this court finds no merit to plaintiffs' exception number two and therefore dismisses it.

Plaintiffs' exceptions numbered five, six and seven find error on the part of the trial court in that plaintiffs feel that: it completely disregarded their testimony; it believed the testimony of defendants; and

it did not give due consideration to the fact that plaintiff-child, who testified as to the details of the attack upon her person, was a minor of tender years.

This court has not lost sight of the fact that the testimony of plaintiff-mother and that of the custodian of records of the hospital at which plaintiff-child was treated for the bite had nothing to do with the details of the attack upon the person of the latter plaintiff. Neither of these witnesses had any personal knowledge of the details of that attack. Therefore, as to the said details, this court did, indeed, choose to disregard the testimony of these witnesses for plaintiffs.

The testimony of the child-plaintiff, as to the attack upon her, conflicts with that given by defendant, John Terzya. Plaintiffs would have this court believe that said defendant stood in the doorway of the office to his garage and observed his dog in the act of viciously attacking the child-plaintiff without uttering a word and without lifting a finger to stop that dog. Further, the child-plaintiff testified that she was walking alone at the time of the attack. Defendant, John Terzya, tells the story of not one but two attacks. One of them is, of course, about the attack upon the child-plaintiff by his dog. The other, however, is about a prior, by moments, attack by the child-plaintiff and a group of three to five other children upon the person of John Terzya and upon his dog. According to this defendant, the child-plaintiff and several other children entered upon the grounds of the gas station while shouting and calling defendant dirty names. They then, all of them, including the child-plaintiff, threw stones at the defendant and the dog. One of these stones struck defendant's leg and drew blood. While defendant was distracted by his bleeding wound, he heard his dog yelp and, upon raising his eyes to the group of children, he observed his dog standing over the child-plain-

tiff on the steps of a bar across Susquehanna Avenue from the gas station.

This court cannot fairly and satisfactorily reconcile the conflicting testimony which it has summarized in the preceding paragraph. Therefore, there devolves upon it, "the function and the duty . . . to determine which of the contradicting statements is the more credible": Coleman v. Denio, 411 Pa. 148,149 (1963).

In making this determination, it must take into account: the demeanor of the witnesses while they were on the stand; the degrees of certainty and of consistency in the answers given; the reasonableness and the probability or improbability of their stories; the interest of each in the outcome of this case; the motive or inclination which each might have had to favor either plaintiffs or defendants; the opportunity which each had to know the facts about which she or he testified; the age and educational level of each; and their seeming understanding, or lack of understanding, of the questions which were addressed to them.

Having observed the demeanor of John Terzya on the witness stand, this court finds it highly improbable that this man would stand by and watch his dog attack an innocent child without making any effort to call it or otherwise stop its rush upon that child. Having observed the demeanor of the child-plaintiff on the witness stand and taking into account her age, educational level, and interest in the outcome of this case, this court finds it much more reasonable to believe that Mr. Terzya was struck in the leg by a stone thrown from the midst of a group of children, which included the child-plaintiff, and that, while he was distracted by his bleeding wound, his dog, having also been hit by a stone, attacked the child-plaintiff before it could be ordered back onto defendant's premises. This court, therefore, accepts the testimony of defendant, John

Terzya, regarding the circumstances of the attack upon the child-plaintiff as true and it chooses to disregard that of the child-plaintiff on this matter as incredible.

As to the child-plaintiff's testimony regarding the vicious nature of the dog owned by John Terzya, this court has fully considered it and found no conflict between it and that given by defendant. The child testified that John Terzya's dog had run after her and a girl friend and had chased them around some cars in the vicinity of defendant's gas station about two months prior to the attack which has given rise to this suit. She further testified, however, that neither she nor her girl friend was actually attacked or bitten by the dog during this chasing incident. There was no evidence whatsoever from plaintiffs which would indicate that the chase was brought to the attention of either of defendants before the actual biting attack which occurred two months later.

Mr. Terzya testified that he acquired the dog from the SPCA on October 5, 1969, as a measure to insure the protection of his life and the gas station premises. Further, he testified that he had never had the dog trained in any manner by anyone and that it had never, to his knowledge, attacked or bitten anyone. In light of its discussion in the preceding paragraphs, this court finds no merit to plaintiffs' exceptions numbered five, six and seven. It therefore dismisses them.

Plaintiffs' exceptions numbered three and four question the trial court's decision sustaining defendants' timely objection to the introduction, on so-called rebuttal, of testimony concerning the viciousness of the dog which attacked the child-plaintiff. This court wishes to note that the offer of proof made by counsel for plaintiffs was quite brief and not supported by argument. It also wishes to point out that said counsel

made no motion to re-open his case-in-chief so as to gain the admission of the testimony, which had been objected to, as part of that case.

After plaintiffs had rested and after defendants had rested, plaintiffs sought to call a witness purportedly as on rebuttal. In making an offer of proof, plaintiffs' counsel indicated that the witness whom he proposed to call would give testimony as to the proclivities of the dog which had bitten his minor client. That very party had already testified about the incident during which she and her friend were chased around cars. Her testimony on this subject was not contradicted by defendant, John Terzya. As this court has noted, the latter witness merely testified that he, personally, had no knowledge of any attacks by the dog upon any person. In any event, such testimony as plaintiffs now sought to place before this court should have been introduced as part of their case-in-chief. Plaintiffs had no right to introduce such evidence at this point in the trial of this case: Downey v. Weston, 451 Pa. 259, 268 (1973); Murphy v. Philadelphia, 420 Pa. 490 (1966). Therefore, in the exercise of its discretion, this court sustained a timely objection to its admission. For the foregoing reason, it dismisses plaintiffs' exceptions numbered three and four as being without merit.

The final exception to which this court will address itself is the first in number. It excepts, generally, to the finding for defendants. As this court said in the first paragraph of its opinion, its decision in this case was dictated by its application of the law of Andrews v. Smith to its findings of fact.

Defendant, John Terzya, admitted that he did own the dog which bit the child-plaintiff. Plaintiff offered no evidence which would tend to establish ownership or control of that animal in defendant, Mrs. John Terzya. Therefore, this court found, as a matter of law,

that defendant-wife neither owned nor had control of the dog which had bitten the child-plaintiff at the time at which the injury to that party occurred. It therefore dismisses plaintiffs' exception to the finding in favor of Mrs. John Terzya.

As to defendant, John Terzya, this court was not convinced, by a fair preponderance of the evidence, that this defendant knew or had reason to know, before the child-plaintiff was bitten, of any vicious or ferocious tendencies of his dog. Plaintiffs have, therefore, failed to carry their burden of proof as to an essential element of their cause of action: Andrews v. Smith, 324 Pa.455 (1936). For this reason, this court found for defendant, John Terzya, and against plaintiffs. And, for the same reason, it dismisses the exceptions to this finding.