480 A.2d 299

**David KLYMAN, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY.**

Superior Court of Pennsylvania.

Argued Dec. 15, 1983.

Filed Aug. 10, 1984.

Petition for Allowance of Appeal Denied Nov. 21, 1984.

George J. O'Neill, Philadelphia, for appellant.

Norman Hegge, Jr., Philadelphia, for appellee.

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

The original plaintiff in this case, David Klyman, brought an action in trespass against Southeastern Pennsylvania Transportation Authority (hereinafter SEPTA) for injuries sustained when, as a pedestrian, he was involved in a collision with a SEPTA bus. He died on January 10, 1980 of causes unrelated to this action and his wife, Esther Klyman, was substituted as plaintiff. On November 17, 1980 following a jury trial a verdict was returned for the Appellee, SEPTA.

Appellant seeks review of a February 3, 1982 order of the Court of Common Pleas of Philadelphia County which denied a motion for a new trial. Klyman argues that the verdict below was against the weight of the evidence and the trial court erred in refusing to permit an expert witness to testify. A decision by a trial judge not to grant a new trial can only be reversed under certain conditions. In *Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970) Justice Eagen, speaking for the court, stated:

> "We have said many times that the grant of a new trial lies within the inherent power of the trial court, and on appeal we will not interfere with the exercise thereof, unless there has been a clear abuse of discretion or an

error of law which necessarily controlled the grant of the new trial."

440 Pa. at 411, 269 A.2d at 479 (citations omitted).

■ In reviewing a motion for new trial this court must consider all competent evidence and determine whether or not the verdict was against the clear weight of the evidence, or whether there was clear error of law or palpable abuse of discretion in the rulings of the trial court. *Hayes Cr. Country Cl. v. Central Penn Quarry S. & C. Co.*, 407 Pa. 464, 181 A.2d 301 (1962); *Baltimore v. Ohio R. Co. v. C.J. Langenfelder & Son, Inc.*, 222 Pa.Super. 138, 292 A.2d 415 (1972). Several important facts in the instant case are not in dispute. Appellant, David Klyman, walked into the right side of the SEPTA bus while crossing Market Street in Philadelphia. At the time of the collision the SEPTA bus had the green light and Appellant was crossing Market Street against a red light.

■ All the eyewitnesses who testified indicated that Appellant collided with the SEPTA bus at some point between the front passenger doors and the rear passenger door, even though the precise point of impact varied from witness to witness. The eyewitnesses also differed in their estimates of the speed of the SEPTA bus at the time of the collision. Rochelle Swartz, a passenger on the bus, testified that the bus was going the "slowest speed it could go and, continue moving" (Supp.R. at 8b) while Klaus C. Rohr, a pedestrian at the intersection, estimated the bus's speed at "between fifteen and twenty miles an hour." (R. at 153a). Additionally there was testimony from Police Officer Kelly that the length of the SEPTA bus was forty feet and that he measured a skid mark from the rear of the bus which was thirty-two feet in length. (R. at 7a–8a)

Under these facts we cannot conclude that the verdict was against the weight of the evidence nor can we say that the trial court abused its discretion or committed reversible error when it denied appellant's motion for a new trial.

Appellant also alleges that the trial court erred when it refused to permit the testimony of Mr. Dimitry Sergay, a

mechanical engineer, who would have testified as an expert that a bus would have to have been travelling at least twenty-three miles per hour to leave a thirty-two foot skid mark. Counsel for the Appellant attempted to introduce Mr. Sergay's testimony both in the case-in-chief and on rebuttal.

■ The trial court found that Appellant failed to comply with Pa.R.C.P. 4003.5 governing discovery of expert testimony and, therefore, refused to let Mr. Sergay testify.

Pa.R.C.P. 4003.5 provides in relevant part:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(1) A party may through interrogatories require

(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert . . . .

(b) If the identity of an expert witness is not disclosed in compliance with subdivision (a)(1) of this rule, he shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

(c) To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings

under subdivision (a)(1) or (2) of this rule, his direct testimony at the trial may not be inconsistent with or go beyond the fair scope of his testimony in the discovery proceedings as set forth in his deposition, answer to an interrogatory, separate report, or supplement thereto. However, he shall not be prevented from testifying as to facts or opinions on matters on which he has not been interrogated in the discovery proceedings."

This rule permits the trial court to impose sanctions on noncomplying parties. The explanatory note following Rule 4003.5 reiterates that the inquiring party can require the answering party to disclose the identity of expert witnesses expected to be called at trial, and demand disclosure of the substance of the facts and opinions to which the expert will testify along with a summary of the grounds for his opinion. Regarding possible sanctions the explanatory note continues:

"If the answering party or the expert does not fully comply with the foregoing, the court under subdivision (b) or (c) may exclude or limit the testimony of such expert if offered at the trial."

■    While explanatory notes are not actually part of the rules themselves, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted. *Laudenberger v. Port Auth. of Allegheny Cty.*, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981).

■    Even without reliance on the Pennsylvania Rules of Civil Procedure, appellate decisions have addressed the trial court's authority to control the admission of expert testimony. It is well established that the admission of expert testimony is a matter for the discretion of the trial court and will not be remanded, overruled or disturbed unless there was a clear abuse of discretion. *Laubach v. Haigh*, 433 Pa. 487, 491, 252 A.2d 682, 683 (1969); *Kubit v. Russ*, 287 Pa.Super. 28, 429 A.2d 703 (1981). In the instant case Appellant was served with "expert witness" interrogatories

on August 18, 1980. Appellant's only response to these interrogatories was an October 9, 1980 letter to SEPTA's counsel (N.T. 11/10/80 at 63, 64; R. at 47a, 48a) which attached a curriculum vitae of Dimitry Sergay. Regarding the expert witness's proposed testimony, the letter stated "Mr. Sergay will testify to his calculations based on the thirty-two feet of skid marks and other evidence in the police report relating to the speed and control of the bus."

Counsel for SEPTA immediately objected that the information contained in the October 9, 1980 letter was insufficient and requested a summary of the expert witness's intended testimony (N.T. 11/10/80 at 60–62; R. at 44a–46a). The requested report was never delivered to the Appellee. The proffered reason given by Appellant's counsel for not complying with SEPTA's request was a desire not to diminish the chances for settlement of the case by incurring the additional expense of an expert witness report. (N.T. 11/10/80 at 63; R. at 47a).

█ Without question Appellant failed to comply with the requirements of Rule 4003.5. In light of Appellant's noncompliance, we do not believe that the trial court abused its discretion by refusing to permit Mr. Sergay to testify.

Following the trial court's refusal to permit Mr. Sergay to testify for Appellant in the case-in-chief, counsel for Appellant attempted an "end run" around Rule 4003.5 by calling Mr. Sergay as a rebuttal witness. The trial court properly refused to permit Mr. Sergay to testify in rebuttal.

█ Our supreme court set forth the hornbook law on rebuttal testimony in *Downey v. Weston*, 451 Pa. 259, 268–69, 301 A.2d 635, 641 (1973).

"It is an elementary proposition that the plaintiff must prove during his case in chief all essential elements of his action as to which he has the burden of proof, and that he may not as a matter of right introduce evidence in rebuttal which is properly part of his case in chief. *Murphy v. City of Philadelphia*, 420 Pa. 490, 218 A.2d 323 (1966); *Jarvis v. Bell*, 296 Pa. 568, 146 A. 153 (1929). Laub, Penna. Trial Guide § 116, at 248. The trial court has

discretion in excluding as rebuttal evidence that which is properly part of the case in chief. *Flowers v. Green,* 420 Pa. 481, 218 A.2d 219 (1966); *Potochnik v. Pittsburgh Rys. Co.,* 379 Pa. 154, 108 A.2d 733 (1954). See also *Llewellyn v. Duquesne Light Co.,* 273 Pa. 17, 116 A. 530 (1922)."

In the case at bar the Appellant's counsel obviously felt Mr. Sergay's testimony was important to his case-in-chief. If Mr. Sergay had testified, and his testimony had been believed by the jury, the Appellant might have established that the SEPTA bus was exceeding a reasonable speed at the time of the accident. Henry's treatise on Evidence indicates that "[a] party cannot, as a matter of right, offer in rebuttal evidence which is properly part of his case-in-chief, but will be confined to matters requiring explanation and to answering new matter introduced by his opponent" 2 Henry Pa.Evid. § 730 (4th ed. 1953).

Since the testimony of Mr. Sergay, if presented, would properly have been part of Appellant's case-in-chief, the trial court was not required to permit Mr. Sergay's testimony on rebuttal and, therefore, did not abuse its discretion when it excluded Sergay's testimony.

The trial court's Judgment of February 16, 1982 is affirmed.