## Beros v. The Children's Exchange

*Charles F. Gilchrest,* for plaintiffs.

*George H. Rowley,* for defendants The Children's Exchange.

*William C. Kuhn* and *Thomas R. Dobson,* for defendants John P. Morgan Jr., Richard L. Morgan and Morgan Realty.

FORNELLI, *J.,* July 11, 1989 — This falling case is before the court on plaintiffs' timely post-trial motion for a new trial. Plaintiffs allege that the court erred by: (1) refusing to allow plaintiffs' expert to testify; and (2) ruling that 34 Pa. Code §37.277(2)(ii) did not apply to the case at bar. We find no merit in plaintiffs' positions.

Factually, this case arose out of an incident on October 31, 1983, where plaintiff Darlene E. Beros fell and was injured on the business premises of defendant The Children's Exchange Inc. The premises were owned and operated by defendants Richard L. Morgan and John P. Morgan Jr., doing business as Morgan Realty. Mrs. Beros fell while exiting The Children's main display sales room through an open doorway that led to a display entrance/exit hallway. At the doorway where the main sales room and the exit hallway meet there is a three and one-half inch difference in floor levels, with the floor of the hallway sitting below the floor of the main sales room. The trial evidence revealed that plaintiff had stepped up that very condition without incident into the main sales room a few minutes prior to her fall which occurred when she exited it; and that there were signs and floor tape giving warning of its existence.[1] Plaintiff's com-

---

1. Plaintiff's testimony at trial that she did not see the floor-tape warning contradicted her deposition testimony that she did see it prior to the fall. She did admit however, that she knew the stepdown was there, having traversed it on her entry into the room, but simply forgot about it.

plaint alleged that Mr. Beros's injuries were caused by defendant's negligent construction and maintenance of the three and one-half inch stepdown between the sales floor and the display hallway.[2] A jury trial was held before this court and the jury returned a verdict in favor of all defendants, from which plaintiffs have asked for post-trial relief.[3] Their contentions resolve into two basic allegations.

Plaintiffs' first allegation is that the court erred when refusing to allow them to introduce expert testimony regarding the one-step difference in floor levels. Specifically, plaintiffs attempted to introduce the testimony of architect John N. Gruitza as to whether the construction of defendant's premises, with the stepdown between the main sales floor and the hallway, was consistent with or below good architectural standards for commercial or public buildings in the community. "It is well-settled that the admission of expert testimony is a matter within the sound discretion of the trial court, whose decision will not be reversed unless the court clearly abused that discretion." *Pirches v. General Accident Insurance Co.*, 354 Pa. Super. 303, 307, 511 A.2d 1349, 1351 (1986), citing *Walasavage v. Marinelli,* 334 Pa. Super. 396, 483 A.2d 509 (1984); *Klyman v. Southeastern Pennsylvania Transportation Authority,* 331 Pa. Super. 172, 480 A.2d 299 (1984); *Kubit v. Russ,* 287 Pa. Super. 28, 429 A.2d 703 (1981).

"When a witness is offered as an expert, the first question the trial court should ask is whether the subject on which the witness will express an opin-

2. Separate lawsuits were filed by the plaintiffs at no. 860 C.D. 1984 and no. 1100 C.D. 1985 for trial, which separate lawsuits were consolidated during pretrial proceedings.

3. The jury's verdict made a specific finding that defendants were not negligent. Accordingly, they never reached the issue of plaintiffs' contributory negligence.

ion is so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman." *Dambacher by Dambacher v. Mallis,* 336 Pa. Super. 22, 35, 485 A.2d 408, 415 (1985), appeal dismissed, 508 Pa. 643, 500 A.2d 428, quoting *McCormick on Evidence* 33 (3d ed. 1984). (footnote omitted)

If the subject matter about which the expert will render an opinion is within the common knowledge of the average layman then expert testimony is not appropriate. *Collins v. Zediker,* 421 Pa. 52, 53, 218 A.2d 776, 777 (1966); *Burton v. Horn & Hardart Baking Co.,* 371 Pa. 60; 88 A.2d 873 (1952). *Burton* was a falling case arising on stairs alleged to be negligently constructed as to material and design which rendered them slippery when wet. The Supreme Court there held proper the exclusion of expert testimony that the steps were improperly constructed because they filed to have an abrasive material on them or a safety tread and that terrazzo steps are slippery and dangerous when wet. *Burton* in turn relied on *Miller v. City of Philadelphia,* 345 Pa. 1, 25 A.2d 185 (1942) which upheld the exclusion of expert testimony of an architect regarding alleged unsafe maintenance and construction of a trail in Fairmont Park. In *Zediker,* the Supreme Court held that expert testimony was not necessary to assist the jury in determining how long it would take a person to cross an 18-foot wide street.

"Expert testimony is inadmissible when the matter can be described to the jury and the condition evaluated by them without the assistance of one claiming to possess special knowledge upon the subject." *Id.,* quoting *Burton v. Horn and Hardart Baking Co., supra;* see also, *Treadway v. Ebert Motor Company,* 292 Pa. Super. 41, 51, 436 A.2d 994, 999 (1982).

Here, the jury was being asked to consider whether the existence of a three and one-half inch stepdown between a sales room and a hallway was unreasonable. The jury heard extensive condition testimony from the plaintiffs' and defendants' witnesses, as well as observed photographs of the scene. In addition, they were transported to the scene for a view of the site of the fall and themselves stepped up and down the difference in elevation.

Plaintiffs' proffered expert testimony was unnecessary. The jury was in at least an equal if not better position than the expert to conclude as to the safety of the condition existing. In fact, to have been admitted, the architect's testimony might have been prejudicial:

"Jurors are humans and are impressed by scientific talk even though, upon profound reflection, they could realize that in the particular field under discussion they are as much at home as the scientist. The jury should be insulated, to the extent that it is possible, from undue persuasion from the witness stand based upon externals removed from the intrinsic problem to be solved." *Zediker* at 55, 218 A.2d at 778. See also, *Maholland v. Bird,* 230 Pa. Super. 431, 326 A.2d 528 (1974), sustaining the exclusion of expert opinion as to whether a swimming pool was safely constructed where detailed testimony had been received as to the construction of the swimming pool in which plaintiff was injured, the court finding that the jury was equally capable of forming a conclusion of whether it was dangerous. "It was for the jury to apply its experience to the instant facts to reach a conclusion on the issue." *Id.*

Plaintiffs cite as authority, in support of their position that the issue was one that was in need of expert testimony, the case of *National Cash Register v. Haak,* 233 Pa. Super. 562, 335 A.2d 407 (1975).

In *Haak,* the court was addressing an architectural malpractice case where sinkholes had developed near the construction of plaintiff's manufacturing plant. *Id.* at 569, 335 A.2d at 408. The questions that were there before the court were whether the failed solution authorized by the architects for the sinkhole problems constituted negligence; and whether plaintiff's offering of non-architectural expert testimony was sufficient to establish that negligence. *Id.* at 565-9, 335 A.2d at 408-11. Clearly, those issues created questions which were beyond the ken of the average layman who would not have a common understanding of sinkholes and architectural knowledge regarding the proper means of curing the problems they create.

Here, plaintiffs questioned the maintenance of a three and one-half inch difference in floor levels on defendant's business premises, alleging that doing so constituted negligence. The issue, therefore, was whether defendant's construction and maintenance of the premises was reasonable or created a risk to customers to the extent that an architect's opinion regarding good architectural practice was material. Defendants were not architects nor required to follow good architectural practice but only provide a reasonably safe place to their customers. "[The business] was not required to use the best construction or material but only had the duty to supply a reasonably safe place." *Burton v. Horn and Hardart Baking Co., supra,* at 64, 88 A.2d at 875.

It is within the common knowledge of the average layman to decide whether a three and one-half inch stepdown on a business premises is unreasonable. Whether the lighting, the rug pattern, the nature of the warnings and the difference of elevation constituted due care was the ultimate issue for the jury

and it was an issue easily understood and properly evaluated by them. Accordingly, this basis for plaintiffs' motion is denied.

Plaintiffs' second allegation is that the court erred by ruling that the Department of Labor and Industry Regulation 34 Pa. Code §37.277(2)(ii) did not apply to the case at bar.[4] This section dealt with general and specific requirements regarding classes of stairways in public buildings. *Id.* Plaintiffs claimed that the three and one-half inch change in floor levels constituted a "stairway" and as such it was in violation of these regulations. Therefore, they contend that the stepdown on defendant's premises was a per se violation of the regulations and wished to have the jury instructed accordingly. By order of February 3, 1988, this court granted defendants' motions in limine to preclude plaintiffs from asserting any violation of 34 Pa. Code §37.277(2)(ii) as a basis of negligence. Plaintiffs now challenge this ruling.

34 Pa. Code §37.277(2)(ii) states as to stairways that "[n]o flight with less than two risers shall be used [in public buildings] except as may be permitted in theater balconies." Plaintiffs suggest that the regulation includes within its definition of stairways those with only one riser since they are permitted in theater balconies. 34 Pa. Code §37.277(2)(ii). Therefore, plaintiffs contend that since defendant's premises was not a theater balcony their one-step change in floor levels was in violation of the regulation. We do not agree.

Under the statutory construction act words and phrases are to be construed "according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. §1903(a)(1972). The regulation in

---

4. The provisions of 34 Pa. Code, Chapter 37, were reversed May 18, 1984, effective May 19, 1984 (4 Pa. Bulletin 1765). They were in effect, however, on the date of plaintiff Darlene E. Beros's fall on October 31, 1983.

question is entitled "classes of stairways." 34 Pa. Code §37.277. Webster's Third New International Dictionary (Unabridged) (1971), at 2220, defines a "stairway" as "one or more flights of stairs . . . [usually] connecting landings providing passage from one level (as of a building) to another." A "stair" is defined as "a series of steps or flights from one level to another." *Id.* A "step" is defined as: (1) "something to put the foot on in ascending or descending;" or (a) "one of a flight of stairs consisting of a riser or a tread." *Id.* at 2236.

Applying these definitions to the regulation in question the three and one-half inch difference in floor levels is at best a step but in no way can it be considered to constitute a stairway. It is obvious that to constitute a stairway, there must be more than one step or stair and that is not present in the case at bar.[5] See *Blinkinsop v. Weber,* 193 P.2d 96, 99, (Cal. App. 1948) holding that two concrete steps from a sidewalk to the rear entrance of an apartment house did not constitute a "stairway" within the meaning of a statute requiring handrails on stairways. Similarly, *Stark v. Franklin Simons & Co.,* 260 N.Y.S. 691, 237 App. Div. 41 (1932) held that two steps taking up a slight difference between levels on the same floor of a store were not "stairs" within the meaning of an ordinance requiring handrails or bannisters on stairs.[6] Hence this

---

5. Common sense and experience dictates that a one-step difference in level could never "rise to the level" of a stairway. It is this type of issue which puzzles and bemuses laymen as to why lawyers contend so furiously over that which is obvious.

6. Even if this were a stairway, it would be excepted from the regulations under 34 Pa. Code §37.279(a) which provides:

"The requirements for stairs apply to all stairways except intercommunicating and similar stairways which do not constitute exitways and which are so located and arranged so as not to be used as exitways . . . "

## ORDER

And now, July 11, 1989, plaintiffs' motion for a new trial is denied.